IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **Gametronics LLC,** | Case No. 7:25-cv-278 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Razer USA LTD.,** | |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Gametronics LLC ("Plaintiff"), through its attorneys, complains of Razer USA LTD. ("Defendant"), and alleges the following:

### PARTIES

2. Plaintiff Gametronics LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th St, Suite 1003, New York, NY 10001.

3. Defendant Razer USA LTD. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at The Domain, 11401 Century Oaks Terrace, Austin, Texas 78758.

### JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

8. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 7,262,762; 8,487,872; and 8,614,667 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '762 PATENT

9. The '762 Patent is entitled "PRODUCTION MONITORING DEVICE, PRODUCTION MONITORING SYSTEM, PRODUCTION MONITORING METHOD AND PROGRAM," and issued 2023-04-24. The application leading to the '762 Patent was filed on 2019-06-03. A true and correct copy of the '762 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## THE '872 PATENT

10. The '872 Patent is entitled "Apparatus and method for generating data signals," and issued 0013-07-16. The application leading to the '872 Patent was filed on 2005-11-18. A

true and correct copy of the '872 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

### THE '667 PATENT

11.     The '667 Patent is entitled "Apparatus and method for generating data signals," and issued 2013-12-24. The application leading to the '667 Patent was filed on 2006-06-27. A true and correct copy of the '667 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

### COUNT 1: INFRINGEMENT OF THE '762 PATENT

12.     Plaintiff incorporates the above paragraphs herein by reference.

13.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '762 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '762 Patent also identified in the charts incorporated into this Count below (the "Exemplary '762 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '762 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '762 Patent Claims, by having its employees internally test and use these Exemplary Products.

15. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

16. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '762 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '762 Patent. See Exhibit 4 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

17. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '762 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '762 Patent.

18. Exhibit 4 includes charts comparing the Exemplary '762 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '762 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '762 Patent Claims.

19. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

20. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 2: INFRINGEMENT OF THE '872 PATENT

21. Plaintiff incorporates the above paragraphs herein by reference.

22. **Direct Infringement**. Defendant directly infringed one or more claims of the '872 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary method claims of the '872 Patent also identified in the charts incorporated into this Count below (the "Exemplary '872 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '872 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

23. Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '872 Patent Claims, by having its employees internally test and use these Exemplary Products.

24. Exhibit 5 includes charts comparing the Exemplary '872 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '872 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '872 Patent Claims.

25. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

26. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 3: INFRINGEMENT OF THE '667 PATENT

27. Plaintiff incorporates the above paragraphs herein by reference.

28.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '667 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '667 Patent also identified in the charts incorporated into this Count below (the "Exemplary '667 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '667 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

29.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '667 Patent Claims, by having its employees internally test and use these Exemplary Products.

30.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

31.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '667 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '667 Patent. See Exhibit 6 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

32.     **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '667 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '667 Patent.

33.     Exhibit 6 includes charts comparing the Exemplary '667 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '667 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '667 Patent Claims.

34.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

35.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

36.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A judgment that the '762 Patent is valid and enforceable

B.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '762 Patent;

C.     A judgment that the '872 Patent is valid and enforceable

D. A judgment that Defendant has infringed directly one or more claims of the '872 Patent;

E. A judgment that the '667 Patent is valid and enforceable

F. A judgment that Defendant has infringed directly and indirectly one or more claims of the '667 Patent;

G. An accounting of all damages not presented at trial;

H. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '762; and '667 Patents, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

I. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement at least with respect to the '872 Patent.

J. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

   ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: June 19, 2025						Respectfully submitted,

								<u>/s/ Isaac Rabicoff</u>
								Isaac Rabicoff
								Rabicoff Law LLC
								4311 N Ravenswood Ave Suite 315
								Chicago, IL 60613
								7736694590
								isaac@rabilaw.com


								**Counsel for Plaintiff**
								**Gametronics LLC**